IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDY DEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-00318-CV-W-ODS |
| | ) |
| BETTE COUGHLIN, | ) |
| individually and as Executor of the | ) |
| Estate of Patrick Michael Hennessey, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION TO DECLARE KANSAS LAW APPLIES AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE

Pending are Defendants' motion to declare Kansas law applies (Doc. #31), and Defendants' motion to strike Plaintiff's claims for punitive damages (Doc. #32). As set forth below, Defendants' motion to declare Kansas law applies is granted, and Defendants' motion to strike Plaintiff's claims for punitive damages is granted in part and denied in part.

### I. BACKGROUND

On December 6, 2017, Plaintiff filed a lawsuit in the Circuit Court of Jackson County, Missouri, alleging claims of premises liability, negligence, and fraudulent misrepresentation against Bette Coughlin individually ("Coughlin") and in her capacity as executor of the probate estate of Patrick Hennessey ("Estate") in Case No. 1716-CV29740 ("state action"). The state court issued rulings on multiple pre-trial motions, including an "Order Regarding Choice of Law" (Doc. #33) and an "Order Dismissing Plaintiff's Claims for Punitive Damages" (Doc. #35-4). Plaintiff dismissed the remaining claims without prejudice on March 21, 2019. She then refiled suit against the same Defendants on the same facts and allegations in Jackson County, which Defendants removed to this Court on April 25, 2019.

### II. DISCUSSION

**A. Motion to Declare Kansas Law Applies**

Defendants request the Court declare Kansas substantive law applies to all counts pursuant to and consistent with the state court's November 22, 2018 Order. Doc. #31.

Plaintiff consents to the application of Kansas law.  Doc. #35, at 3.  Therefore, the Court will apply Kansas substantive law to all counts.  Defendants' motion is granted.

### B.  Motion to Strike Punitive Damages

Defendants move to strike Plaintiff's claims for punitive damages.  Doc. #32.  In response, Plaintiff abandons her punitive damages claim against the Estate.  Doc. #35, at 3.  Therefore, Defendants' motion to strike Plaintiff's punitive damages claim is granted against the Estate.

Defendants argue the state court previously dismissed Plaintiff's request for punitive damages, and therefore, res judicata bars Plaintiff from seeking the same relief in this case.  Plaintiff concedes the state court dismissed Plaintiff's claims for punitive damages.  Doc. #35-4.  But Plaintiff argues the state court only dismissed punitive damages "against the Estate, not Coughlin."  Doc. #35, at 3.  Plaintiff points to Defendant's state court motion which only sought dismissal of punitive damages against the Estate.  *Id.*; Doc. #35-3.

Defendants' state court motion was entitled, in relevant part, "Defendant Estate of Patrick Michael Hennessey and Defendant Bette Coughlin, as Executor of the Estate of Patrick Michael Hennessey."  Doc. #35-3.  Therein, Defendants' argued "punitive damages cannot be imposed against a deceased tortfeasor."  *Id.*  The motion did not seek dismissal of Plaintiff's request for punitive damages against Coughlin individually.  Therefore, whether Plaintiff could seek punitive damages against Coughlin individually was not before the state court.  Accordingly, Defendants' motion to strike Plaintiff's claims for punitive damages against Coughlin is denied.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to declare Kansas law applies is granted, and Defendants' motion to strike Plaintiff's claims for punitive damages is granted against the Estate and denied against Coughlin.

IT IS SO ORDERED.

DATE:  November 8, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT