IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDY DEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-00318-CV-W-ODS ) |
| BETTE COUGHLIN, individually and as Executor of the Estate of Patrick Michael Hennessey, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER (1) DENYING DEFENDANTS' MOTION TO COMPEL AND (2) DENYING PLAINTIFF'S SECOND MOTION TO COMPEL

On December 19, 2019, pursuant to Local Rule 37.1, a telephone conference was held before Magistrate Judge Lajuana M. Counts in an attempt to resolve discovery disputes in this matter. The parties were unable to resolve their disputes during the conference. As a result, the Court directed the parties to brief their issues. Now pending are Defendants' motion to compel (Doc. #56) and Plaintiff's second motion to compel (Doc. #57).

### I. Defendants' Motion to Compel

Defendants assert Plaintiff failed to timely respond to Defendants' First Interrogatories and First Request for Production. They request the Court strike Plaintiff's objections to Defendants' discovery requests and compel Plaintiff to provide full and complete answers and responses to their discovery requests.[1]

Defendants served their discovery requests on November 1, 2019. Doc. #38. Responses and answers to the discovery requests were due on December 2, 2019. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). On December 4, 2019, Plaintiff's counsel served

---

[1] Defendants seek full answers without objections to Interrogatories 1-15, 17-19, and 23, and full responses to Requests for Production 1 and 2.

Plaintiff's objections, answers, and responses to Defendants' discovery requests. Plaintiff did not file a certificate of service for her discovery answers, responses, and objections until after the discovery dispute conference on December 19, 2019. Doc. #55. Plaintiff concedes her answers, responses, and objections were untimely, but argues they were only two days late and the delay was unintentional.

While Plaintiff should have timely served her answers and responses or asked for an extension of time, it is clear from the facts stated above that there was no bad faith on the part of Plaintiff or her counsel. Further, Defendants were not prejudiced by receiving Plaintiff's answers, responses, and objections to their discovery requests two days late. Therefore, Defendants' motion is denied.

## II. Plaintiff's Second Motion to Compel

Plaintiff seeks the production of reports and/or communications with any insurance company related to Defendant Patrick Hennessey's home. Plaintiff argues the requested documents contain information regarding the condition of the ceiling or roof at issue in this case and relate to her claims of premises liability, negligence, and fraudulent misrepresentation. Plaintiff contends an insurance adjuster inspected the ceiling and roof of Hennessey's home in July 2016 and August 2016. Plaintiff received a limited number of documents concerning the July 2016 inspection but has not received any documents from the August 2016 inspection. Four requests for production are at issue:

> 9. Produce a copy of any incident report prepared in response to the incident that is the subject matter of this litigation, including, but not limited to, any report concerning the investigation of the accident or any report containing statements of any person known or believed to have witnessed the incident. For avoidance of doubt, this Request includes incident reports by any insurance company.

> 12. Produce any report made by or on behalf of Coughlin regarding the incident and any documents that contain information regarding any investigation of the incident conducted by or on behalf of Coughlin. For avoidance of doubt, this Request includes reports by any insurance company.

> 13. Produce a copy of any report or documentation of inspection that shows any inspection or maintenance performed on the ceiling at the

2

premises in which Plaintiff was injured prior to the incident that is the subject matter of this litigation. For avoidance of doubt, this Request includes reports by any insurance company.

14. Produce all communications with Defendants' insurance companies, including any adjusters, regarding the ceiling or roof located at the premises.

Plaintiff argues these materials should be produced because Kansas law applies, and Kansas law does not recognize the insurer-insured privilege.[2] Defendants argue Missouri law applies because the case was brought in Missouri, and thus, the insurer-insured privilege protects these documents.[3] Defendants further argue Plaintiff's motion should be denied because her requests are vague and the information she seeks is unclear.

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. To determine which state's privilege rules control, a court must apply the forum's conflict of law rules. *Crowe v. Booker Transp. Servs., Inc.*, No. 11-690 -CV-FJG, 2013 WL 394184, at *5 (W.D. Mo. Jan. 30, 2013) (citation omitted). Thus, Missouri choice of law rules apply to this case. *Id.* No Missouri court has determined what choice of law rule applies to privilege, but generally, the law of the forum governs admissibility of evidence. *Id.* Therefore, Missouri's privilege law governs this case.

Request 9 seeks incident reports for "the incident that is the subject matter of this litigation." Request 12 seeks reports and documents "made by or on behalf of Coughlin regarding the incident" or investigation of the incident. Under Missouri law, incident reports prepared for the purpose of recording information which may be necessary to defend litigation are protected by attorney-client privilege. *See Ratcliff v. Sprint Mo., Inc.*, 261 S.W.3d 534, 548 (Mo. Ct. App. 2008). Therefore, incident reports and reports concerning the incident "made by or on behalf of Coughlin" are privileged.

---

[2] Plaintiff argues Kansas law applies given that Kansas substantive law governs the claims and defenses.

[3] Defendants also argue Plaintiff's motion does not comply with Local Rule 26.3(d) because she did not file copies of the relevant discovery materials. Because Plaintiff provided the relevant requests in her motion, the Court will excuse Plaintiff's failure to comply with Local Rule 26.3(d).

Plaintiff alternatively argues that her need for the insurance documents are proportionate to the needs of the case. Defendant contends insurer-insured privilege is absolute. Because the materials Plaintiff is requesting are privileged, it is immaterial whether Plaintiff's need for the insurance documents are proportionate to the needs of the case. *Crowe*, 2013 WL 394184, at *5. Accordingly, Plaintiff's motion is denied with regard to Requests 9 and 12.

Request 13 seeks documents showing "any inspection or maintenance [was] performed on the ceiling at the premises in which Plaintiff was injured prior to the incident that is the subject matter of this litigation." Defendants argue they did not object to this request and produced all responsive documents. Therefore, Plaintiff's motion is denied with respect to Request 13.

Request 14 seeks "all communications with Defendants' insurance companies, including any adjusters, regarding the ceiling or roof located at the premises." "According to Missouri law, statements made to a person's liability insurance provider concerning an event which is the basis of a claim against him and which is covered by his liability insurance coverage policy are privileged communications." *Crowe*, 2013 WL 394184, at *5 (citing *State ex rel. Tillman v. Copeland*, 271 S.W.3d 42, 45-48 (Mo. Ct. App. 2008)). Therefore, any communications with Defendants' insurance company relating to the underlying accident are privileged. Plaintiff's motion is denied with respect to Request 14.

### III. Conclusion

For the reasons stated above, Defendants' motion to compel (Doc. #56) is denied and Plaintiff's second motion to compel (Doc. #57) is denied.

IT IS SO ORDERED.

DATE: January 16, 2020

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT