UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

JUDY DEY,

    Plaintiff,

vs.                                                      Case No. 4:19-CV-00318-ODS

BETTE COUGHLIN,
Individually and as executor of the Estate of
PATRICK MICHAEL HENNESSEY,

    Defendants.

**Defendants' Motions in Limine**

COME NOW Defendants, by and through their attorneys of record, and submit the following Motions in Limine:

At the outset, Defendants note that in diversity cases, issues of evidence are controlled by federal law, although some evidentiary questions may be considered substantive such that they are controlled by the applicable state law, i.e. Kansas. *Davis v. Mgmt. & Training Corp. Ctrs.*, 2001 U.S. Dist. LEXIS 8361, at *5 (D. Kan. May 30, 2001) ("If an evidentiary question is intertwined with a state substantive policy, however, state law applies.").

**I.    MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR COMMENTS OF CATEGORIES OF DAMAGES FOR WHICH PLAINTIFF HAS NOT PROVIDED A COMPUTATION PURSUANT TO RULE 26(A)(1)(III)**

Federal Rule of Civil Procedure 37(c)(1) provides that a party's failure to provide information required by Rule 26(a) will result in that party being prevented from using that information at trial, unless the failure was substantially justified or is harmless. In her Rule 26 Disclosures, Plaintiff provided no computation for any category of damages she claims in this lawsuit as required by Rule 26(a)(1)(iii). The only portion of Plaintiff's Disclosures that address her claimed damages reads:

1

1. Medical expenses incurred and those reasonably necessary in the future.

2. Non-economic damages suffered by Plaintiff, including but not limited to damages for past and future pain, mental trauma, mental anguish, emotional distress, and loss of enjoyment of life, in an amount to be determined by a jury at trial.

*See* Exhibit A, *Plaintiff's Rule 26 Disclosures*. Plaintiff's Disclosures provide no computation for any of the numerous listed categories. Defendants' have also served discovery on Plaintiff seeking to obtain this information and Plaintiff has provided no computation pursuant to that discovery and instead has only indicated that Plaintiff has some unconfirmed intention to supplement. *See* Exhibit B, *Plaintiff's Responses to Defendants' 1st Interrogatories*; Doc #28. Such supplementation was due before the close of discovery. *Carmody v. Kan. City Bd. of Police Comm'rs*, 2012 U.S. Dist. LEXIS 194818, at *9 (W.D. Mo. Aug. 27, 2012) ("If the Plaintiffs initially lacked such information, then the disclosure should have been—but was not—timely supplemented before the close of discovery.").

Plaintiff's failure to comply with the computation requirement of Rule 26(a)(1)(iii) is neither justified nor harmless. As this Court is aware, the first filing of this matter resulted in a voluntary dismissal by Plaintiff's Counsel at the Pre-trial Conference because the court did not allow Plaintiff to add a claim for medical expenses so close to the trial date and because Plaintiff did not want to proceed without including such a claim. Regardless of this indicated importance, Defendants are still without a computation or indication of what medical expenses or "noneconomic damages" Plaintiff is actually claiming in this litigation or what documents any such computation is based on. Without knowing the claimed damages, Defendants are deprived of the "ability to place a reasonable estimated value on the case [which] creates the danger of trial by ambush. A party's estimate of what a case is worth dictates strategy, the amount of funds that party is willing to expend investigating and litigating a case, and the course of settlement negotiations."

*Carmody v. Kan. City Bd. of Police Comm'rs*, 2012 U.S. Dist. LEXIS 194818, at *13 (W.D. Mo. Aug. 27, 2012) (quoting *Young v. Pleasant Valley Sch. Dist.*, 2011 WL 1485648, at * 2 (M.D. Pa. Apr. 19, 2011). Accordingly, Plaintiff should be prevented from introducing any evidence, testimony, or comments of medical expenses, both past and future, and non-economic damages due to Plaintiff's failure to comply with Rule 26(a)(1)(iii).

II. **MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR COMMENTS CONCERNING HOMEOWNER'S INSURANCE AND LIABILITY INSURANCE**

It is neither relevant nor material whether or not Defendants had homeowner's insurance or liability insurance in effect at the time of the occurrence. Plaintiff, Plaintiff's counsel, and all witnesses should be precluded from using any pleadings, exhibits, rulings, testimony, remarks, questions or arguments during any aspect of the trial (including jury selection) that might inform or infer to the jury, directly or indirectly, that either Defendant had homeowner's insurance or liability insurance in effect at the time of the accident in issue. *See* K.S.A. 60-454; *Schmidt v. Farmers Elevator Mutual Ins. Co.,* 208 Kan. 308 (1971). This motion explicitly includes any attempts by Plaintiff to introduce evidence, testimony, or comments relating to any representative or employee of Defendants' insurer, whether known or unknown.

III. **MOTION TO EXCLUDE EVIDENCE, TESTIMONY OR COMMENTS CONCERNING POVERTY OR WEALTH**

As a general rule, it is improper to admit evidence of a party's financial condition. *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983) (quoting *Blankenship v. Rowntree*, 219 F.2d 597, 598 (10th Cir. 1955)); *see also* F.R.E. 401. Throughout this litigation, Plaintiff has made clear her intention to improperly influence the jury by suggesting that the financial status of Defendants is an adequate basis for finding in favor of Plaintiff. Undoubtedly, Plaintiff will fanatically seek to

improperly influence the jury with such assertions, which are not only entirely irrelevant to her underlying claims but also lack any evidentiary basis.

    **IV.    MOTION TO EXCLUDE EVIDENCE, TESTIMONY OR COMMENTS MAKING REFERENCE TO THE AMOUNT OF MONEY PLAINTIFF AND/OR DEFENDANTS HAVE SPENT ON THE CASE**

Reference to litigation resources is just another variation of the improper interjection of poverty vs. wealth theme discussed above that has long been held improper and should be prohibited.

    **V.    MOTION TO EXCLUDE EVIDENCE, TESTIMONY OR COMMENTS CONCERNING THE EXISTENCE OF ANY AND ALL LIENS**

Information contained in defendants' file indicates that there may be hospital liens, Medicaid/Medicare liens and/or ERISA lien. The source of payment for medical expenses, including other insurance benefits, is a collateral source and is inadmissible under Kansas law. The fact that such payments are subject to a lien also is not relevant or material to any issue in this case and such evidence should be excluded. Regardless, Plaintiff has not properly claimed recovery of medical bills in this case anyway as further addressed in Motion No. I.

    **VI.    MOTION TO EXCLUDE THE TESTIMONY OF ANY WITNESS NOT IDENTIFIED IN DISCOVERY OR DISCLOSURES**

Plaintiff should be precluded from referring to, or calling as a witness at trial, any person who was not identified by Plaintiff through discovery or in her required disclosures. Fed. Rule Civ. Pro. 37(c)(1).

    **VII.    MOTION TO EXCLUDE ANY STATEMENTS ATTRIBUTED TO DEFENDANTS NOT IDENTIFIED IN INTERROGATORIES**

Defendants' interrogatories requested a recital of any statements made by Defendants to Plaintiff or any other persons. Plaintiff should be precluded from referring to any statements

attributed to Defendants that were not properly identified by Plaintiff in response to Defendants interrogatories or depositions.

### VIII. MOTION TO EXCLUDE EVIDENCE, TESTIMONY OR COMMENTS REGARDING ANY HEARSAY STATEMENTS AS TO THE FACTS OF THE ALLEGATIONS AND ALLEGED DAMAGES

Hearsay is defined as an out of court statement offered to prove the truth of the matter asserted. F.R.E. 801(c). Any statements fulfilling this definition should be excluded. Specifically, but without limitation, Plaintiff should not testify about what (a) her doctor(s) told her with respect to diagnoses or causation, and (b) what any witnesses have told her with respect to issues or facts surrounding liability.

### IX. MOTION TO EXCLUDE TESTIMONY BY ANY EXPERT WITNESSES NOT PROPERLY IDENTIFIED

Pursuant to Plaintiff's Disclosures and this Court's November 8, 2019 Order (Doc 40), Plaintiff should be precluded from identifying or attempting to introduce the testimony of any expert witness other than Kathie L. Allison and John C. Ireland, D.O.

### X. MOTION TO EXCLUDE EVIDENCE OF MEDICAL CAUSATION NOT SUPPORTED BY REQUISITE EXPERT TESTIMONY

Where there is a sophisticated injury at issue, proof of medical causation requires expert testimony given to a reasonable degree of certainty. F.R.E. 701 and 702. Here, Plaintiff alleges numerous injuries that are sophisticated in nature. As such, causation of such injuries requires expert testimony given to a reasonable degree of medical certainty. Therefore, Plaintiff should be barred from putting on any evidence or making any argument that an injury was caused by the accident if not supported by expert testimony.

### XI. MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR COMMENTS CONCERNING WHETHER PLAINITFF WAS AS INDEPENDENT CONTRACTOR OR EMPLOYEE AND ALL RELATED INFOMRATION

Defendants anticipate that Plaintiff may attempt to illicit evidence, testimony, or comments at trial that discuss whether Plaintiff was an independent contractor or an employee of Defendants. Regardless of whether Plaintiff was an independent contractor or employee, neither goes to prove any of Plaintiff's claim and such information is therefore irrelevant. Further, Plaintiff has affirmatively asserted in her First Amended Petition that she was an independent contractor. This is not an assertion that is in dispute nor is it relevant in any way to any material issue of this case. Obviously, if Plaintiff was an employee of the Defendants, the appropriate redress for the alleged harm would be found in worker's compensation law. The only reason Plaintiff would want this issue to come up at trial is to improperly suggest that Defendants' have insurance coverage which applies to claims of worker's compensation.

Plaintiff and her counsel should also be prevented from introducing any evidence, testimony, or comments that seek to indicate that Plaintiff was an employee. Introduction of same is transparently an attempt to suggest to the jury that Defendants owed some heightened duty to Plaintiff and irresponsibly did not do some activity that an employer should do or usually does. Again, because there is no dispute over Plaintiff's status as an independent contractor, Plaintiff should be prevented from introducing evidence that Defendants did not carry out the usual activities of an employer.

### XII. MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR COMMENTS CONCERNING ESTATE PLAN OF PATRICK MICHAEL HENNESSEY, EXISTENCE OF TRUST, OR STATUS OF ANY GIVEN PARTY WITH RESPECT TO THOSE ARRANGMENTS

It is anticipated that Plaintiff and her Counsel will attempt to introduce evidence, testimony, and comments concerning the estate plan of Patrick Michael Hennessey, the existence of the Patrick Michael Hennessey Trust, other property (real or person) owned by Patrick Michael Hennessey, the status of Defendant Coughlin as trustee, the status of Defendant Coughlin as

beneficiary, Defendant Coughlin's involvement in the estate plan of Patrick Michael Hennessey, and Defendant Coughlin's financial interest relating to all of the above. Plaintiff's attempt to introduce this information would be for the improper purpose of suggesting to the jury that Defendants have some underlying amount of wealth. As discussed above, a disparity in financial resources between the two parties or that one party is particularly wealthy or poor is improper and should be excluded.

### XIII. MOTION TO EXCLUDE PHOTOGRAPHS OF INCIDENT SCENE NOT IDENTIFIED IN DISCOVERY

In discovery, Defendants requested Plaintiff produce any photographs taken at the scene of the underlying incident. Plaintiff should be precluded at trial from using or introducing any photographs that were not properly identified and produced by Plaintiff in response to Defendants' discovery.

### XIV. MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR COMMENTS CONCERNING LEAK OR WET CEILING ISSUE IN AREAS OTHER THAN IN THE LIVING ROOM

As now more fully discussed in Defendants' Motion for Summary Judgment and related filings, Plaintiff's theory of this case appears to be that Defendants were aware of water stains in areas of the house other than where plaintiff was injured, that those water stains were notice of a hazardous condition, and Defendants did not timely address or warn Plaintiff of that condition. To the extent there is evidence, testimony, or comments concerning a leak or wet ceiling in the "piano room" or any other area of Mr. Hennessey's residence, such information is made completely irrelevant by Plaintiff's theory. Plaintiff has never alleged that she was harmed by the ceiling of the "piano room" or any other area of Mr. Hennessey's residence; only the "living room." Plaintiff has not adduced any admissible evidence that explains the cause of the alleged ceiling fall that injured plaintiff and cannot link or correlate any alleged issue in the home to the unknown cause.

7

Plaintiff seeks to confuse the jury by intertwining these separate events, make loose reference to water stains, leaks, and wet ceilings, in the hope that the jury will attribute issues of the "piano room" to issues in the "living room."

## XV. MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR COMMENTS RELATING TO CLAIMS OF PLAINTIFF THAT HAVE BEEN DISMISSED OR OTHERWISE DISPOSED OF.

Over the court of this litigation, Plaintiff has asserted various claims for damages and theories of liability. Multiple claims for damages and theories of liability have been disposed of via Court Order and stipulated dismissal, including claims for punitive damages and a claim of fraudulent misrepresentation. Plaintiff should be precluded at trial from attempting to introduce any evidence, testimony, or comments that relate to the allegations of claims no longer at issue in this litigation, including any reference to allegations that Defendants committed fraud.

## CONCLUSION

**WHEREFORE**, based on the above and foregoing, Defendants respectfully requests that the Court exercise its discretion to ensure just and fundamental fairness and preclude and exclude evidence, testimony and comment as requested herein.

Respectfully submitted,

**MCCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Thomas J. Golson*

---

Michael E. McCausland #29950
Thomas J. Golson #69098
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
mmccausland@mbblawfirmkc.com
tgolson@mbblawfirmkc.com
COUNSEL FOR DEFENDANTS

I hereby certify that a copy of the above
and foregoing was electronically delivered
by the Court on this 20th day of April, 2020 to:

Raymond Salva, Jr.
Erica Fumagalli
Mark Parrish
221 West Lexington, Ste. 200
Independence, MO 64050
(816) 471-4511/FAX (816) 471-8450
rsalva@bktplaw.com
efumagalli@bktplaw.com
mparrish@bktplaw
COUNSEL FOR PLAINTIFF

*/s/ Thomas J. Golson*
_____

Michael E. McCausland
Thomas J. Golson
For the Firm