IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JUDY DEY

                Plaintiff,

v.

BETTE COUGHLIN, individually and as
Executor of the Estate of PATRICK
MICHAEL HENNESSEY,

                Defendants.

Case No. 19-00318-CV-W-ODS

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW Plaintiff, by and through counsel, and hereby moves this Court to make and enter its Order limiting and prohibiting Defendants from discussing, arguing, or presenting evidence concerning the following areas, which are immaterial, irrelevant, speculative, or the probative value of which is substantially outweighed by the prejudicial effect:

1. Any evidence pertaining to Plaintiff's financial condition, including but not limited to the amounts of her income. Evidence of a party's financial condition is generally inadmissible. *Cole ex rel. Cole v. Warren County R-III School Dist.*, 23 S.W.3d 756, 759 (Mo. Ct. App. E.D. 2000). "It is fundamental to our jurisprudence that rich and poor stand alike in our courts and that neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of the law." *Lewis v. Hubert*, 532 S.W.2d 860, 866 (Mo. Ct. App. 1975) (*citing Welch v. Sheley*, 443 S.W.2d 110, 116 (Mo. 1969)). Consequently, the financial status of the parties to a lawsuit is not admissible unless it is relevant to the issues. Such evidence is "extrinsic to the cause of action and tends to distract the jury from a fair assessment of the damages." *Id*.

2. Any evidence regarding injured litigants in general including, but not limited to, the following:

    a. Any and all evidence regarding "compensation neurosis" of injured persons.

    b. Any and all evidence regarding "secondary gain."

    c. Any and all evidence regarding the general nature of patients involved in litigation.

In *Yingling v. Hartwig*, the trial court failed to grant the plaintiff a new trial despite statements made by the defendant's medical expert regarding "people who are in litigation" versus "people not in litigation." *Yingling v. Hartwig*, 925 S.W.2d 952, 956 (Mo. Ct. App. 1996). The court of appeals reversed, finding that the trial court abused its discretion in allowing such statements—they were irrelevant to whether the plaintiff still suffered from her injuries. *Id.*

Similarly, the court of appeals upheld a trial court's ruling to exclude a defense expert's testimony that he "had seen people who, having disposed of their lawsuits for personal injury, no longer felt the compelling need to see their physician." According to the court, what other people had done was irrelevant to the plaintiff's case. *Hughey v. Graham*, 604 S.W.2d 626, 628 (Mo. Ct. App. 1980).

3. Any and all evidence of payment of medical expenses from a collateral source, as the source of those payments is not relevant to any issue of material fact. "Evidence is relevant if: a) it has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. There are no material facts relevant to the existence of health or insurance benefits such as Medicare. In diversity cases such as this, the law of the

forum state applies with regard to the collateral source rule. *Macsenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001).

Missouri courts apply the collateral source rule. Accordingly, "a wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source." *Washington v. Barnes Hospital*, 897 S.W.2d 611, 619 (Mo. banc 1995); *Buatte v. Schnuck Markets, Inc.*, 98 S.W.3d 569, 573 (Mo.App. E.D. 2002); *Gaunt v. State Farm Mut. Auto. Ins. Co.*, 24 S.W.3d 130, 134 (Mo.App. W.D. 2000). The collateral source rule is applicable to government benefits such as Medicare, Medicaid and Social Security. *Washington*, 897 S.W.2d at 619-20. Evidence tending to show a party received collateral source payments is presumed to be prejudicial. *Buatte*, 98 S.W.3d at 573. Here, a portion of Plaintiff's medical bills were paid by Medicare. Pursuant to the collateral source rule, no mention of those payments should be made before the jury.

4. Any evidence regarding the reasonableness of medical treatment. "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is … not based on scientific, technical, or other specialized knowledge..." Fed. R. Evid. 701. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. However, a witness expressing an expert opinion and the facts on which that opinion relies must be disclosed prior to the close of discovery. Fed. R. Civ. P. 26(a)(2).

Here, Plaintiff anticipates defendants will argue the medical treatment plaintiff received was not appropriate, reasonable, and causally related to the incident. This Court should preclude defendants, counsel, or any witness from making such an argument which would require specialized medical knowledge and thus, necessitate an expert opinion. Defendant has not disclosed an expert witness qualified to express an opinion on whether the medical treatment was

appropriate, reasonable, or related to the injury at issue in this case. Accordingly any argument based on such an opinion should be prohibited.

5. Any and all evidence regarding demands for settlement, offers, or other settlement negotiations made to resolve the claims between the parties. Evidence regarding settlements should normally be excluded at trial because the law encourages settlements. *Hancock v. Shook,* 100 S.W.3d 786, 799 (Mo. 2003). In *Hancock,* the Missouri Supreme Court stated that allowing "evidence of settlement and negotiation to come before the jury creates a possibility of bias that has no place in our justice system." *Id*.

6. References to any of Plaintiff's illnesses or references to any of Plaintiff's injuries that do not relate to the physical conditions at issue under the pleadings—namely, any diagnosis of pneumonia—whether or not noted in Plaintiff's medical records. Illnesses and injuries that do not relate to the physical conditions at issue are not relevant or admissible nor are they admissible to impeach a witness. *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995) ("[D]efendants are not entitled to any and all medical records, but only those medical records that relate to the physical conditions at issue under the pleadings."); *see also Senter v. Ferguson*, 486 S.W.2d 644, 647 (Mo. Ct. App. 1972).

7. Any evidence or argument that someone younger, in different physical shape, without certain conditions, or with a stronger immune system would not have suffered the same injuries as Plaintiff. The law is clear that a defendant must take a plaintiff as he finds her. This rule of law is commonly referred to as the "eggshell plaintiff" rule. *Freeman v. Busch*, 2003 WL 22697973 (8th Cir. Iowa Nov. 17, 2003). Under this rule, if a plaintiff has a pre-existing condition that makes her more susceptible to injury, the defendant is responsible for the injury, even if it is greater than would have been experienced "by a normal person under the same circumstances."

4

*Id.* This rule of law is applied in Missouri. *See e.g.*, *Relford v. Kansas City Public Service Co.*, 50 S.W.2d 171, 173 (Mo. Ct. App. 1932) (holding that the fact that a person injured in a car wreck was more susceptible to injury is no defense in a negligence action and cannot be relied upon to reduce the verdict); *O'Bauer v. Katz Drug Co.*, 49 S.W.2d 1065, 1074 (Mo. Ct. App. 1932); *Lancaster v. Sheffler Enterprises*, 19 F.Supp.2d 1000, 1002 (W.D. Mo.1998) (confirming defendants take their victims as they find them).

8. Any and all prior, pending, or subsequent lawsuits or claims for injuries made by Plaintiff. Cross-examination of Plaintiff or other evidence of unrelated claims is inadmissible and admitting such evidence has been found to be prejudicial error. *See Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627, 640 (Mo. Ct. App. 1980)(citing *Cammarata v. Payton,* 316 S.W.2d 474 (Mo. 1958)).

9. Any and all evidence, reference, insinuation, suggestion, or argument, suggesting in any manner, that Plaintiff's lawsuit and claims, or other similar lawsuits and claims, are improper including, but not limited to, statements that such lawsuits or claims are "frivolous," "drive up rates," "affect us all," "waste time or resources," "clog the courts," "create problems," or any other statement that would reflect negatively to the jury that Plaintiff is not entitled to utilize the constitutional right to have claims heard in a court of law. Evidence that is intended principally to arouse the passions of the jury or inflame juror emotions are inadmissible.

10. Any reference to any municipal court convictions or infractions. Generally, a witness can be questioned regarding prior criminal convictions for purposes of impeachment. This general rule, however, does not extend to convictions for violations of municipal ordinances. "A party cannot impeach a witness with a municipal ordinance violation." *State v. Albanese*, 920 S.W.2d 917, 926 (Mo. Ct. App. 1996), overruled on separate grounds by *State v. Beeler*, 12 S.W.3d

294 (Mo. 2000) (citing *First Nat'l Bank v. Kansas City S. Ry.,* 865 S.W.2d 719, 737 (Mo. Ct. App 1993) (holding that the term "crime" as used in Section 491.050, which authorizes the use of prior convictions to impeach witnesses in civil or criminal cases, does not include municipal ordinance violations); *State v. Keenan*, 779 S.W.2d 743, 746 (Mo. Ct. App. 1989)). Similarly, an "infraction does not constitute a crime and a conviction of an infraction shall not give rise to any disability or legal disadvantage based on conviction of a crime." RSMo. § 556.021. Thus, § 491.050, which allows a person convicted of a "crime" to be impeached by prior convictions, does not allow infractions to be proven to affect a person's credibility.

11. Any and all evidence, reference, insinuation, suggestion, or argument, suggesting in any manner, that Plaintiff's lawsuit and claims or lawsuits and claims like those brought by Plaintiff are attempts to "play the lottery," "gamble," or "take a chance," or any other statement that would reflect negatively to the jury that the Plaintiff is not entitled to utilize the constitutional right to have her claims heard in a court of law.

12. Any and all evidence, reference, insinuation, suggestion, or argument regarding the fact that Plaintiff was and is on Social Security Disability ("SSD"). To be admissible, evidence must be both logically and legally relevant. Evidence that throws no light on the controversy should be excluded as it tends to confuse the issues and operate to prejudice a party before the jury." *Switzer v. Switzer*, 373 S.W.2d 930, 939 (Mo. 1964). In the case at bar, the fact that Plaintiff was and is on SSD is completely irrelevant, and it could cause the jury to form a prejudice against Plaintiff as collecting SSD is commonly looked upon poorly in our society. Such references are not relevant to any of the facts or issues in this case, and further, any alleged probative value is substantially outweighed in the prejudice to the Plaintiff.

13. Any and all evidence, reference, insinuation, suggestion, or argument attempting on behalf of Defendants, including those by defense counsel, to "apologize", "atone", or "extend sympathy" or "empathize with Plaintiff," for the Defendants' actions leading up to and contributing to the accident and the Defendants' post-accident actions. Evidence that is intended principally to arouse the passions of the jury or inflame juror emotions are inadmissible. *State v. Banks*, 215 S.W.3d 118, 121 (Mo. banc 2007).

14. Plaintiff's psychological or psychiatric history prior to the date of the incident is inadmissible. Cases involving "garden variety" emotional distress, or "emotional distress of a generic kind that an ordinary person would feel in such circumstances" do not allow for "evidence of [the plaintiff's] medically or psychologically diagnosable mental or physical condition is irrelevant to the question of whether she suffered 'garden variety' emotional distress." *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854, 877 (Mo. App. E. Dist. 2009)(internal citations omitted). Plaintiff's allegations of garden variety emotional distress are insufficient to place her mental condition in controversy, so any evidence, reference, or argument regarding Plaintiff's physiological or psychiatric history is inadmissible.

15. Any and all evidence, reference, insinuation, suggestion, or argument that Defendants do not have the means or resources to pay, honor, discharge or satisfy any verdict rendered against them or that any such verdict would or could affect them for some significant length of time. Evidence of a defendant's poverty is generally inadmissible. *Stafford v. Far-Go Van Lines, Inc.*, 485 S.W.2d 481, 493 (Mo. Ct. App. 1972).

16. Any and all evidence, reference, insinuation, or argument by defense counsel that in "his experience" defending and or trying cases that they have certain values or certain outcomes.

17. Any and all evidence, reference, insinuation, suggestion, or argument, suggesting in any manner jury nullification by inviting the jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself, or because the result dictated by the law might be or is contrary to the jury's sense of justice, morality, or fairness.

18. Any and all evidence, reference, insinuation, suggestion, or argument suggesting in any manner defense counsel's personal opinion regarding the justness of Plaintiff's cause, the credibility of a witness, or the culpability of civil litigants.

19. Any and all evidence, reference, insinuation, suggestion, or argument, suggesting in any manner a "golden rule" argument by asking jurors to place themselves in the position of the Defendants.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

/s/ Raymond Salva, Jr.
| | |
|---|---|
| Raymond Salva, Jr. | # 66191 |
| Mark E. Parrish | # 40571 |
| Erica M. Fumagalli | # 70069 |

221 West Lexington, Suite 200
Independence, Missouri 64050
(816) 471-4511 - Telephone
(816) 471-8450 - Facsimile
rsalva@bktplaw.com
mparrish@bktplaw.com
efumagalli@bktplaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of April 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties/counsel of record.

Michael E. McCausland
McCausland Barrett & Bartalos, P.C.
9233 Ward Parkway, Suite 270
Kansas City, MO  64114-3360
816-523-2555 – Phone
816-523-1588 - Fax
***Attorney for Defendants***
***Bette Coughlin and Estate of Patrick Michael Hennessey***

                                                       /s/ Raymond Salva, Jr.
                                                       Raymond Salva, Jr.

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all registered parties and/or counsel of record.

                                                       _____
                                                     Attorneys for Plaintiff