IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDY DEY, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 19-00318-CV-W-ODS |
| BETTE COUGHLIN, individually and as Executor of the Estate of Patrick Michael Hennessey, et al., | ) |
|         Defendants. | ) |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Pending is Defendants' motion for summary judgment. Doc. #63. For the following reasons, Defendants' motion for summary judgment is granted in part and denied in part.

## I. BACKGROUND[1]

In January 2016, Defendant Bette Coughlin contacted Plaintiff Judy Dey to retain her as an independent contractor to provide home-health services for Patrick Hennessey. Doc. #63-1, at 5. On July 8, 2016, one of Hennessey's personal attendants reported to Coughlin that a portion of the piano room's ceiling was damp. Coughlin reported the issue to Hennessey's homeowner's insurer. Doc. #64-2, at 4. In late July 2016, the insurer inspected the ceiling and roof of Hennessey's home. *Id.* According to Coughlin, no leak or issue with the roof was discovered during that inspection. *Id.* On August 25, 2016, while Plaintiff was providing home-health services

---

[1] The following facts are taken from the parties' briefs and exhibits. These facts are uncontroverted by the parties. Any citation to a page number refers to the pagination automatically generated by CM/ECF. These facts should not be deemed as findings of fact by the Court.

to Hennessey in his home, a portion of the living room ceiling collapsed on her, resulting in bodily injuries. Doc. #63-1, at 6.

On April 1, 2019, Plaintiff filed a lawsuit in the Circuit Court of Jackson County, Missouri, alleging claims of premises liability, negligence, and fraudulent misrepresentation against Coughlin individually and in her capacity as executor of Hennessey's estate. Doc. #1-3. On April 25, 2019, Defendants[2] removed the matter to this Court. Doc. #1.[3] The Court previously dismissed Plaintiff's premises liability claims against Coughlin individually and Plaintiff's fraudulent misrepresentation claim against Coughlin as executor of Hennessey's estate. Doc. #23.

In January 2020, Defendants moved for summary judgment on all remaining claims. Doc. #63. On February 25, 2020, the parties filed a joint stipulation and notice of dismissal of Plaintiff's fraud claim and her claims for punitive damages. Doc. #65. Accordingly, the only remaining claims are Plaintiff's premises liability claim against Coughlin in her capacity as executor of Hennessey's estate and Plaintiff's negligence claim against Coughlin individually and in her capacity as executor of Hennessey's estate.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). The Court

---

[2] Hennessey passed away in August 2017.
[3] "Defendants" includes Coughlin in her capacity as executor of Hennessey's estate and Coughlin in her individual capacity. Although Coughlin is the only defendant, the Court refers to "Defendants" to reflect that claims are brought against Coughlin in two different capacities.

must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986). "[A] nonmovant may not rest upon mere denials or allegations but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted).

### III. DISCUSSION
### A. Premises Liability

Defendants argue they are entitled to summary judgment on Plaintiff's premises liability claim against Coughlin in her capacity as executor of Hennessey's estate because she failed to establish Hennessey had actual or constructive knowledge of the condition that caused the living room ceiling to collapse. Doc. #63-1, at 8. A possessor of land owes a duty of reasonable care to all entrants on the property who are present with the possessor's consent. *Jones v. Hansen*, 254 Kan. 499, 509 (1994).[4] To determine whether the defendant exercised reasonable care, the Court considers: (1) foreseeability of the harm; (2) the magnitude of the risk of injury to others in maintaining such a condition of the premises; (3) the individual and social benefit of maintaining such a condition; (4) the burden on the premises owner, in terms of convenience or cost, in providing adequate protection; and (5) any other facts deemed applicable to the case at hand. *Id.* at 509-10. "Before a landowner may be held liable for an injury resulting from a dangerous condition, however, the plaintiff generally must show that the defendant had actual knowledge of the condition or that the condition had existed for such a length of time that in the exercise of ordinary care the landowner should have known about it." *Brock v. Richmond-Berea Cemetery Dist.*, 264 Kan. 613, 620 (1998).

Defendants argue Plaintiff cannot establish what caused the ceiling to collapse because she did not designate an expert witness. Doc. #63-1, at 8-9. This argument is not supported by the applicable facts and law. The facts of this case are not complex or

---

[4] The Court previously determined Kansas law applied. Doc. #41.

technical, and a jury can resolve Plaintiff's claim without an expert's assistance. *United States v. Cantrell*, 999 F.2d 1290, 1292 (8th Cir. 1993).

Plaintiff argues Hennessey's insurer determined a leaking roof caused the collapse, and a repairman discovered broken tiles and debris-filled valleys on the roof over the living room. Doc. #64, at 20-21. She maintains the insurer's determination and repairman's discovery establish causation. *Id.*
Defendants argue Plaintiff's theory about what caused the ceiling to collapse is insufficient and generic. Doc. #66, at 26. Defendants contend Plaintiff cannot establish Hennessey knew about the condition that caused the ceiling collapse before it occurred. *Id.* They maintain Hennessey was unaware the piano room's ceiling was damp on July 8, 2016. Doc. #63-1, at 10. Defendants further argue Plaintiff cannot establish a roof leak in the piano room translates to knowledge of a roof leak in the living room. *Id.*

Plaintiff alleges Hennessey knew the roof was defective for at least four years prior to the ceiling collapse. Doc. #64, at 17. To support her assertion, Plaintiff cites the deposition of Hennessey's niece, Kathleen Shea, who testified the roof leak was an ongoing problem and Hennessey "probably mentioned" the roof condition and leaks to her. Doc. #64-1, at 3. Plaintiff also argues the roof leaks were not confined to one area of the home. Doc. #64, at 18. Shea testified the roof leaks were in the piano room and the dining room, and those two rooms were adjacent to the living room where the ceiling collapsed in August 2016. Doc. #64-1, at 2.

Defendants argue Shea's testimony does not explain how roof leaks in different rooms of the home translate into knowledge of an issue in the living room. Doc. #66, at 29. They further argue Shea has no personal knowledge of the involved matters, and any knowledge she purportedly possesses emanated from conversations she had with Hennessey's late wife before 2012. *Id.*; Doc. #64-1, at 3. Shea also testified she did not know what Hennessey or Coughlin knew about the ceiling or the roof. Doc. #64-1, at 8.

According to Plaintiff, Coughlin and another home health worker, Sharron Henneman, observed water stains on Hennessey's living room ceiling a month before Coughlin hired Plaintiff. Doc. #64, at 19. Plaintiff alleges Coughlin told Henneman that Hennessey did nothing to address the stains. *Id.* Defendants deny this encounter

between Coughlin and Henneman occurred or that Coughlin observed water stains on the living room ceiling. Doc. #64-2, at 7.

The Court must view the evidence in the light most favorable to Plaintiff, giving her the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus.*, 475 U.S. at 588-89, *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). Because the Court must view the evidence in the light most favorable to Plaintiff, the Court finds a genuine factual dispute exists as to Plaintiff's premises liability claim. Therefore, Defendant's motion for summary judgment on this claim is denied.

### B. Negligence

Defendants also move for summary judgment on Plaintiff's negligence claim against Coughlin individually and in her capacity as executor of Hennessey's estate. Defendants argue they did not owe a duty to Plaintiff other than the duty owed by Hennessey as an occupier of land, which is the basis for Plaintiff's premises liability claim. Doc. #63-1, at 12.

To establish negligence under Kansas law, Plaintiff must prove the "existence of a duty, a breach of that duty, an injury, and proximate cause, that is, a causal connection between the duty breached and the injury suffered." *D.W. v. Bliss*, 279 Kan. 726, 734 (2005). Generally, the existence of negligence is a question of fact reserved for the jury. *Wagoner v. Dollar Gen. Corp.*, 955 F. Supp. 2d 1220, 1228 (D. Kan. 2013). However, the existence of a legal duty is a question of law to be determined by the court. *Roe v. Kan. Dep't of Social and Rehab. Serv. for State*, 278 Kan. 584, 592 (2004).

Defendants argue Plaintiff's negligence claim should be dismissed because she did not establish they owed her any duty or they breached any alleged duty. Doc. #63-1, at 12-13. Under Kansas negligence law, "there is no affirmative duty to protect an individual unless one can establish a special duty is owed to the injured individual." *Thomas v. Cty. Comm'rs of Shawnee Cty.*, 40 Kan. App. 2d 946, 951 (2008). Defendants contend that other than the duty Hennessey owed Plaintiff under Kansas premises liability law, Defendants do not owe an affirmative duty to protect Plaintiff from harm due to the absence of a "special relationship." Doc. #66, at 30

5
Case 4:19-cv-00318-ODS   Document 76   Filed 05/22/20   Page 5 of 6

Plaintiff argues that in a contract for employment relationship, common law negligence remains an available remedy for an injured servant. Doc. #64, at 21-22; *Taylor v. Hostetler*, 186 Kan. 788, 797 (1960).  She further argues Defendants breached their duty to provide a safe workplace because they knew the ceiling of the room in which she worked was defective, and they did not repair the ceiling or warn her about the condition. Doc. #64, at 21-22.

It is undisputed that Plaintiff was not an employee; she was an independent contractor.  Doc. #1-3; Doc. #63-1, at 5; Doc. #64, at 7.  Plaintiff cites no case law in which a duty to provide a safe work place was imposed where the plaintiff was not an employee but an independent contractor.  And the Court is unable to find any such case law.  Plaintiff does not allege a special relationship existed that would impose the affirmative duty of providing a safe workplace on Defendants.

Because Plaintiff was an independent contractor and not an employee, and because she has not asserted any other special relationship, Plaintiff failed to establish Defendants owed her an affirmative duty to provide a safe workplace.  Thus, Plaintiff failed to establish an essential element of her negligence claim.  Accordingly, the Court grans, Defendants' motion for summary judgment on Plaintiff's negligence claims against Coughlin individually and in her capacity as executor of Hennessey's estate.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in part and denied in part.

IT IS SO ORDERED.

DATE: May 22, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT