IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDY DEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00318-CV-W-ODS |
| ) | |
| BETTE COUGHLIN, ) | |
| individually and as Executor of the ) | |
| Estate of Patrick Michael Hennessey, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE, AND (2) GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART PLAINTIFF'S MOTIONS IN LIMINE

Pending are motions in limine filed by both parties. As set forth below, Defendants' motions (Doc. #69) are granted in part and denied in part, and Plaintiff's motions (Doc. #72) are granted in part, denied in part, and deferred in part. The parties are reminded these rulings are interlocutory. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

## Defendants' Motions in Limine

**1. Categories of Damages for Which Plaintiff Has Not Provided a Computation**

Defendants seek to exclude evidence, testimony, or comments of categories of damages that Plaintiff has not provided a computation pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. In addition, Plaintiff did not provide computations of her damages in response to Defendants' discovery requests. Doc. #69, at 2. Defendants argue Plaintiff's failure to comply with the computation requirement of Rule 26(a)(1)(A) and provide this information is neither justified nor harmless.

Plaintiff contends she provided Defendants with itemized damages related to her past and future medical expenses on seven different occasions. Doc. #74-1; Doc. #74-2; Doc. #74-3. She argues calculations as to her past and future medical damages are already in Defendants' possession should be excused as harmless.

While Plaintiff should have supplemented her Rule 26(a)(1)(A) disclosures, Defendants were provided itemized damages related to Plaintiff's past and future medical expenses on multiple occasions during discovery. Defendants possess information allowing them to calculate damages. Accordingly, Defendants' motion is granted to the extent it seeks to exclude categories of damages not disclosed; however, it is denied with regard to categories of damages provided to Defendants during discovery.

## 2. Homeowner's and Liability Insurance

Defendants seek to exclude evidence, testimony, or comments concerning homeowner's and liability insurance. They argue that whether Defendants had homeowner's insurance or liability insurance in effect at the time of the occurrence is irrelevant and immaterial. Defendants' motion "explicitly includes any attempts by Plaintiff to introduce evidence, testimony, or comments relating to any representative or employee of Defendants' insurer, whether known or unknown." Doc. #69, at 3. Plaintiff maintains she will not offer any specific evidence of insurance but intends to ask general questions about insurance during voir dire.

Defendants' motion is granted. Evidence regarding homeowner's and liability insurance are not permissible. To the extent Plaintiff wants to ask general questions about insurance during voir dire, she shall timely submit her proposed voir dire questions to the Court.

## 3. Poverty or Wealth

Defendants seek to exclude evidence, testimony, or comments concerning poverty or wealth. Plaintiff does not object. Doc. #74, at 4. Defendants' motion is granted.

2
Case 4:19-cv-00318-ODS   Document 86   Filed 07/15/20   Page 2 of 12

### 4. Money Spent on the Case

Defendants seek to exclude evidence, testimony, or comments referring to the amount of money Plaintiff and/or Defendants have spent on the case. Plaintiff does not object. Doc. #74, at 4. Defendants' motion is granted.

### 5. The Existence of Liens

Defendants seek to exclude evidence, testimony, or comments concerning the existence of any liens. They contend there may be hospital liens, Medicaid/Medicare liens, and/or ERISA liens. Defendants argue the source of payment for medical expenses is a collateral source and is inadmissible under Kansas law. They further argue that whether such payments are subject to a lien is irrelevant. Plaintiff does not anticipate raising the issue of liens at trial. The Court grants Defendants' motion.

### 6. Witnesses Not Disclosed

Defendants seek to exclude the testimony of any witness not identified in discovery or disclosures. Pursuant to Federal Rule of Civil Procedure 37(c), evidence and witnesses not disclosed during discovery will be excluded at trial. Accordingly, Defendants' motion is granted.

### 7. Statements Not Identified During Discovery

Defendants seek to exclude any statements attributed to Defendants that were not identified in interrogatories or depositions. Plaintiff argues it is unclear what this motion seeks to exclude.

Pursuant to Federal Rule of Civil Procedure 37(c), evidence not disclosed during discovery will be excluded at trial. To the extent Plaintiff seeks to introduce undisclosed statements by Defendants during her case-in-chief, she will be prohibited from doing so. Accordingly, Defendants' motion is granted.

### 8. Hearsay Statements

Defendants seek to exclude "evidence, testimony, or comments regarding any hearsay statements as to the facts of the allegations and alleged damages." Doc. #69,

3
Case 4:19-cv-00318-ODS   Document 86   Filed 07/15/20   Page 3 of 12

at 5. Defendants argue "Plaintiff should not testify about what (a) her doctor(s) told her with respect to diagnoses or causation, and (b) what any witnesses have told her with respect to issues or facts surrounding liability." Doc. #69, at 5. Plaintiff argues she is permitted to comment on her medical condition to the extent those comments are within her personal knowledge and experience. She contends lay witnesses may also testify as to their personal observations of the Plaintiff's symptoms and behaviors.

Hearsay is inadmissible unless a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 802. With regard to the statements Defendants seek to exclude, the Court does not know the identities of the speakers, the content of the statements, and whether the statements are offered to prove the truth of the matters asserted therein. If the statements constitute hearsay, the Court was not provided with sufficient information to ascertain whether an exception to the hearsay rule applies. Accordingly, Defendants' motion is denied. To the extent hearsay evidence is elicited and a timely objection is lodged, the Court will rule on those objections at that time.

### 9. Expert Witnesses Not Properly Identified

Defendants seek to exclude testimony by any expert witnesses not properly identified. Plaintiff does not object. Doc. #74, at 5. Defendants' motion is granted.

### 10. Medical Causation Not Supported by Requisite Expert Testimony

Defendants seek to exclude evidence of medical causation not supported by requisite expert testimony. They argue causation of Plaintiff's alleged injuries that are sophisticated in nature requires expert testimony given to a reasonable degree of medical certainty. Defendants contend Plaintiff should be barred from presenting evidence or argument that an injury was caused by the accident if causation is not supported by expert testimony. Plaintiff contends she intends to submit evidence of medical causation pursuant to the Federal Rules of Evidence but does not explain how she plans to do so.

Defendants motion is granted. The Court will only permit expert testimony that satisfies the requirements of Rule 702 of the Federal Rules of Evidence.

## 11. Whether Plaintiff was an Independent Contractor or Employee

Defendants seek to exclude evidence, testimony, or comments concerning whether Plaintiff was an independent contractor or employee. They argue this evidence is irrelevant, and Plaintiff asserted in her Petition that she was an independent contractor. Doc. #1-3. Plaintiff states she intends to submit jury instructions about her employment status but does not explain what sort of jury instruction she plans to submit.

The Court grants Defendants' motion. It is undisputed that Plaintiff was not an employee; she was an independent contractor. Doc. #1-3; Doc. #63-1, at 5; Doc. #64, at 7; Doc. #76, at 6. Therefore, Plaintiff is not permitted to present arguments or suggest Plaintiff was Defendant's employee.

## 12. Patrick Hennessey's Estate Plan, Existence of Trust, and Other Property

Defendants seek to exclude evidence, testimony, or comments concerning the estate plan of Patrick Hennessey, existence of the Patrick Michael Hennessey Trust, other property owned by Patrick Hennessey, or status of any given party with respect to those arrangements. Defendants argue Plaintiff's attempt to introduce this information would improperly suggest to the jury that "Defendants have some underlying amount of wealth." Doc. #69, at 7. Plaintiff's opposition does not argue this evidence is relevant but argues the Court should rule on this issue as presented at trial. The Court finds this evidence is irrelevant to the remaining claims. Accordingly, Defendants' motion is granted.

## 13. Photographs Not Identified in Discovery

Defendants seek to exclude photographs of the incident scene not identified in discovery. Plaintiff does not object. Doc. #74, at 5. Defendants' motion is granted.

## 14. Leak or Wet Ceiling in Areas Other Than the Living Room

Defendants seek to exclude evidence, testimony, or comments concerning a leak or wet ceiling in areas other than in the living room. Defendants contend Plaintiff alleges she was harmed by the living room's ceiling, not any other area of the residence. They argue evidence, testimony, or comments concerning a leak or wet

5
Case 4:19-cv-00318-ODS   Document 86   Filed 07/15/20   Page 5 of 12

ceiling in any other area of Mr. Hennessey's residence is irrelevant. Defendants argue Plaintiff seeks to confuse the jury by "intertwining these separate events, make loose references to water stains, leaks, and wet ceilings, in the hope that the jury will attribute issues of the 'piano room' to issues in the 'living room.'" Doc. #69, at 8. Plaintiff argues the ceiling collapse was caused by the leaky roof. She contends the leaky roof affecting all areas of the premises is central to her premises liability claim.

The Court finds evidence concerning a leak or wet ceiling issue in areas of the Hennessey's residence other than the living room is relevant to Plaintiff's premises liability claim. Accordingly, Defendants' motion is denied.

### 15. Plaintiff's Dismissed Claims

Defendants seek to exclude evidence, testimony, or comments relating to Plaintiff's claims that have been dismissed. Plaintiff does not object. Doc. #74, at 8. Defendants' motion is granted.

## Plaintiff's Motions in Limine

### 1. Plaintiff's Financial Condition

Plaintiff seeks to exclude "any evidence pertaining to her financial condition, including but not limited to the amounts of her income." Doc. #72, at 1. Defendants do not object. Doc. #75, at 1. Plaintiff's motion is granted.

### 2. Injured Litigants in General

Plaintiff seeks to exclude any evidence regarding injured litigants in general, including evidence regarding "compensation neurosis" of injured persons, "secondary gain," and the general nature of patients involved in litigation. Doc. #72, at 2. Defendants argue the motion is improper for consideration as a motion in limine concerning Plaintiff because it is unknown what evidence may be developed during trial. Defendants do not object to the motion to the extent it concerns the public at large. Doc. #75, at 1. The Court finds evidence regarding injured litigants in general is irrelevant. Thus, Plaintiff's motion is granted.

6
Case 4:19-cv-00318-ODS   Document 86   Filed 07/15/20   Page 6 of 12

### 3. Payment of Medical Expenses from a Collateral Source

Plaintiff seeks to exclude evidence of payment of medical expenses from a collateral source. Defendants do not object. Doc. #75, at 1. Plaintiff's motion is granted.

### 4. Reasonableness of Medical Treatment

Plaintiff seeks to exclude evidence regarding the reasonableness of medical treatment. She anticipates Defendants will argue the medical treatment she received was not inappropriate, unreasonable, and not caused by the incident. Plaintiff argues Defendants should be precluded from making such an argument because it requires specialized medical knowledge, and thus, an expert opinion is necessary. She contends Defendants have not disclosed an expert witness qualified to express an opinion on whether the medical treatment was appropriate, reasonable, or related to the injury at issue.

Defendants argue they do not have the burden of proof, and the jury does not have to accept the testimony of any witness. They further argue the motion is improper for consideration as a motion in limine because it is unknown what evidence may be developed during trial. The Court grants Plaintiff's motion pursuant to Federal Rule of Evidence 701. Non-expert witnesses will be prohibited from testifying as to the reasonableness of medical treatment.

### 5. All Evidence Regarding Demands for Settlement, Offers, or Other Settlement Negotiations

Plaintiff seeks to exclude evidence regarding demands for settlement, offers, or other settlement negotiations made to resolve the claims between the parties. Defendants do not object. Doc. #75, at 2. Plaintiff's motion is granted.

### 6. Plaintiff's Illnesses or Injuries Unrelated to Physical Conditions at Issue

Plaintiff seeks to exclude references to any illnesses or injuries unrelated to the physical conditions at issue in the pleadings. Specifically, Plaintiff seeks to exclude any diagnosis of pneumonia, whether or not noted in her medical records.

Defendants object to the motion to the extent it lists Plaintiff's diagnosis of pneumonia. They argue Plaintiff's lungs have been put into issue and the symptoms of pneumonia "parallel those which Plaintiff complains of in this litigation." Doc. #75, at 2. Plaintiff's Petition states, "As a direct and proximate result of Defendants' negligence and fraudulent conduct, Plaintiff sustained severe personal injuries including: . . . (d) lung damage." Doc. #1-3, at 4. Defendants do not object to the extent the motion relates to other injuries and illnesses. Doc. #75, at 2.

Plaintiff's lungs are at issue in this matter because of her pleadings. Pneumonia and symptoms related thereto affect the lungs. Therefore, Plaintiff's pneumonia is relevant. Plaintiff's motion is denied as it relates to pneumonia. It is not entirely clear what other injuries and illnesses Plaintiff seeks to exclude. Without additional information, the Court cannot consider the remainder of this motion, and therefore, denies the remainder of this motion.

### 7. Someone Younger in Different Physical Shape, Without Certain Conditions, or with Stronger Immune System Would Not Have Suffered the Same Injuries

Plaintiff seeks to exclude evidence or argument that someone younger, in different physical shape, without certain conditions, or with a stronger immune system would not have suffered the same injuries as Plaintiff. Defendants do not object. Doc. #75, at 2. Plaintiff's motion is granted.

### 8. Plaintiff's Prior, Pending, or Subsequent Lawsuits or Claims for Injuries

Plaintiff seeks to exclude all her prior, pending, or subsequent lawsuits or claims for injuries. Defendants argue evidence of other litigation in which Plaintiff has alleged injury to the same body parts she is claiming in this lawsuit is relevant and admissible.

Plaintiff did not provide the Court with the specific lawsuits and claims she seeks to exclude. Similarly, Defendants did not provide the Court with the lawsuits and claims they believe are admissible. Consequently, the Court is without sufficient information to issue a decision on this motion and defers consideration of this motion. Before Defendants present evidence relating to any of Plaintiff's prior, pending, or subsequent

8
Case 4:19-cv-00318-ODS   Document 86   Filed 07/15/20   Page 8 of 12

lawsuits or claims for injuries, their counsel must raise the issue with the Court outside the presence of the jury.

### 9. Plaintiff's Lawsuit and Claims Being Improper

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument that her lawsuit and claims, or other similar lawsuits and claims, are improper, including statements that such lawsuits or claims are "frivolous," "drive up rates," "affect us all," "waste time or resources," "clog the courts," "create problems," or any other statement that would reflect negatively to the jury that Plaintiff is not entitled to have her claims heard in court. Doc. #72, at 5. Defendants argue the motion is vague and ambiguous and is improper for consideration as a motion in limine because any ruling is necessarily dependent on what occurs during trial. Defendants do not object to the motion to the extent it concerns generalized access to the judicial system.

Plaintiff's motion is granted. Defendants will be prohibited from presenting evidence, argument, or making inferences about Plaintiff accessing the legal system, or suggesting her claims are frivolous or a waste of resources. This ruling does not preclude Defendants from properly challenging Plaintiff's credibility.

### 10. Reference to Municipal Court Convictions or Infractions

Plaintiff seeks to exclude reference to any municipal court convictions or infractions. Defendants do not object. Doc. #75, at 3. Plaintiff's motion is granted.

### 11. "Play the Lottery," "Gamble," or "Take a Chance"

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument that her lawsuit and claims, or lawsuits and claims like those brought by Plaintiff, are attempts to "play the lottery," "gamble," or "take a chance," or any other statement that would reflect negatively to the jury that Plaintiff is not entitled to have her claims heard in court. Doc. #72, at 6.

Defendants argue the motion is improper for consideration as a motion in limine because any ruling is necessarily dependent on what occurs during trial. Defendants do

not object to the motion to the extent it concerns generalized access to the judicial system. The Court grants Plaintiff's motion.

### 12. Social Security Disability

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument regarding the fact that she was and is on Social Security Disability ("SSD"). Plaintiff argues this fact is irrelevant and "could cause the jury to form a prejudice against Plaintiff." Doc. #72, at 6.

Defendants argue the motion is improper for consideration as a motion in limine because any ruling is necessarily dependent on what occurs during trial. Generally, Defendants believe Plaintiff's SSD status is irrelevant to the remaining claims of this lawsuit. However, they argue it is not unforeseeable that Plaintiff will make her SSD status relevant. Therefore, Defendants contend any ruling is premature.

The Court finds the fact that Plaintiff was and is on SSD is not relevant the facts or issues in this matter and any alleged probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Thus, Plaintiff's motion is granted.

### 13. "Apologize," "Atone," "Extend Sympathy," or "Empathize with Plaintiff"

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument attempting on behalf of Defendants to "apologize", "atone", "extend sympathy", or "empathize with Plaintiff" for Defendants' actions leading up to and contributing to the accident and post-accident actions. Defendants do not object. Doc. #75, at 3. Plaintiff's motion is granted.

### 14. Psychological or Psychiatric History

Plaintiff seeks to exclude her psychological or psychiatric history before the incident. She argues her allegations of garden variety emotional distress are insufficient to place her mental condition in controversy. Defendants argue that to the extent Plaintiff attempts to assert an emotional distress claim, which Defendants dispute, Plaintiff's motion is moot. They argue under Missouri law such a claim puts Plaintiff's

10

Case 4:19-cv-00318-ODS   Document 86   Filed 07/15/20   Page 10 of 12

psychological and psychiatric health at issue, no different than any other injury and under Kansas law Plaintiff cannot assert such a claim.

The Court finds Plaintiff's psychological and psychiatric history prior to the date of the incident is irrelevant. Medical evidence is not required to recover damages for "garden variety" emotional distress. *See Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854, 877 (Mo. Ct. App. 2009). Accordingly, Plaintiff's motion is granted.

### 15. Defendants' Financial Condition

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument that Defendants do not have the means or resources to pay, honor, discharge, or satisfy any verdict rendered against them or that any verdict would affect them for a significant amount of time. Defendants do not object. Doc. #75, at 4. Plaintiff's motion is granted.

### 16. Counsel's Personal Experiences

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument by defense counsel that "in 'his experience' defending or trying cases that they have certain values or outcomes." Doc. #72, at 7. Defendants argue this motion is vague and ambiguous and they are unable to ascertain what Plaintiff is seeking to prevent.

The Court grants Plaintiff's motion. Counsel shall not argue or suggest that cases have certain values or outcomes based on their experience trying cases.

### 17. Jury Nullification

Plaintiff moves to exclude evidence, reference, insinuation, suggestion, or argument suggesting jury nullification by inviting the jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about a social issue, or because the result dictated by the law might be contrary to the jury's sense of justice, morality, or fairness. Defendants do not object. Doc. #75, at 4. Plaintiff's motion is granted.

## 18. Defense Counsel's Personal Opinion

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument suggesting defense counsel's personal opinion regarding the justness of Plaintiff's case, the credibility of a witness, or the culpability of civil litigation. Defendants argue this motion is improper for consideration as a motion in limine because any ruling is dependent on what occurs during trial.

The Court grants in part and denies in part Plaintiff's motion. Counsel shall not express their personal opinions during opening statements or during examination or cross-examination of a witness. Counsel shall not lodge personal attacks on a witness's credibility (e.g., calling a witness a liar), but are allowed to point out inconsistencies in the witness's previous statements and trial testimony.

## 19. "Golden Rule" Argument

Plaintiff seeks to exclude evidence, reference, insinuation, suggestion, or argument, suggesting a "golden rule" argument by asking jurors to place themselves in the position of the Defendants. Defendants do not object. Doc. #75, at 5. Plaintiff's motion is granted.

IT IS SO ORDERED.

DATE: July 15, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT