IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDY DEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00318-RK |
| | ) |
| BETTE COUGHLIN, INDIVIDUALLY | ) |
| AND AS EXECUTOR OF THE ESTATE | ) |
| OF PATRICK MICHAEL HENNESSEY; | ) |
| AND ESTATE OF PATRICK MICHAEL | ) |
| HENNESSEY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' requests for an order compelling Plaintiff to respond to Defendants' post-judgment discovery requests, and for an award of fees and costs associated with seeking the motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Docs. 182, 185.) Defendant filed suggestions in support of its motion to compel (Doc. 182-1), and Plaintiff did not file a response to either motion. Additionally, the Court held a hearing on Defendants' request for an order to compel discovery on May 5, 2022, at which Plaintiff appeared pro se.

After careful consideration of Defendants' motions and the parties' arguments at the May 5, 2022 hearing, the Court **ORDERS**: (1) Defendants' motion to compel discovery (Doc. 182) is **GRANTED**, and Plaintiff is **ORDERED** to respond to Defendants' post-judgment discovery requests on or before July 1, 2022; and (2) Defendants' request under Rule 37(a)(5) for reasonable expenses incurred in making the motion to compel, including attorney's fees (Docs. 182, 185) is **GRANTED in part and DENIED in part**, and the Court awards attorney's fees in the amount of $515.20.

I. Background

Plaintiff brought this negligence and premises liability cause of action against Defendants after the ceiling of a home where she worked collapsed on her. The case was heard before a jury on July 26-29, 2021. Following the jury's verdict in favor of Defendants, a clerk's judgment was entered on August 3, 2021. (Docs. 144, 151.) Plaintiff filed a pro se motion for new trial on

August 30, 2021 (Doc. 153), and an amended motion for new trial on August 31, 2021 (Doc. 156). Plaintiff's amended motion for new trial was denied on October 20, 2021. (Doc. 170.)

After Plaintiff filed her initial pro se motion for new trial, Defendants filed a motion for leave to file bill of costs out of time. (Doc. 157.) The Court granted Defendants' motion for leave to file bill of costs out of time, finding good cause under Rule 6 of the Federal Rules of Civil Procedure because Plaintiff had filed her pro se motions seeking a new trial after the time for Defendants to file a bill of costs had originally expired. (*Id.* at 2.) Accordingly, Defendants filed a proposed bill of costs on September 22, 2021. (Doc. 166.) Plaintiff did not file a response to either Defendants' motion for leave to file bill of costs out of time or Defendants' proposed bill of costs. The Court granted Defendants' bill of costs on October 22, 2021, and awarded Defendants costs in the amount of $5,952.15. (Doc. 171.)

On January 12, 2022, Defendants sent to Plaintiff, as judgment debtor, discovery requests including interrogatories and a request for production. (*See* Doc. 176.) After Plaintiff failed to respond, at Defendants' request and pursuant to the Federal Rules of Civil Procedure and Local Rule 37.1, the Court held a discovery dispute hearing on March 2, 2022. (*See* Doc. 180.) Plaintiff did not appear.[1] On March 9, 2022, the Court issued an order requiring Plaintiff to respond to the discovery requests properly propounded by Defendants under Rules 33 and 69 of the Federal Rules of Civil Procedure. (Doc. 181.)

On April 11, 2022, Defendants filed the instant discovery motion under Rule 37(a), seeking an order compelling Plaintiff to respond to the discovery requests propounded on January 12, 2022. (Doc. 182.) Plaintiff did not file a response to this motion, either. On May 5, 2022, the Court held a hearing on the motion to compel by teleconference. Plaintiff appeared at this hearing pro se. After the hearing, Defendants filed a second motion seeking costs associated with the motion to compel and included a supporting invoice seeking an award of attorney's fees in the amount of $1,413.00 for 6.3 hours of attorney work. (Docs. 185, 185-1.) Plaintiff did not file a response to this additionally motion, and the time for doing so has passed.

---

[1] After the hearing, Plaintiff independently communicated to the Court she had been unable to join the teleconference discovery hearing due to technical difficulties. The Court informed Plaintiff she should address any concerns related to the discovery dispute teleconference by filing an appropriate motion or communicating with opposing counsel. To date, Plaintiff has not formally communicated with the Court regarding this discovery hearing or any other related matter by filing an appropriate motion or otherwise.

II. **Discussion**

   A.   **Motion to Compel Discovery Responses**

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, "[o]n notice to other parties and all affected persons, a party may move for an order compelling . . . discovery." A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. The rules further provide: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if (1) "a party fails to answer an interrogatory submitted under Rule 33," and (2) "a party fails to produce documents . . . as requested under Rule 34." Rule 37(a)(3)(B)(iii)-(iv).

As the Court has previously found, Defendants properly propounded the interrogatories at issue here to Plaintiff as a judgment debtor consistent with Federal Rules of Civil Procedure, including Rule 33 (interrogatories), Rule 34 (request for production), and Rule 69(a)(2) (authorizing discovery under the rules of civil procedure "[i]n aid of the judgment or execution" otherwise secured). (*See* Doc. 181 (order finding the discovery requests proper and that Plaintiff must respond to the discovery requests).) Additionally, Defendants state in the motion to compel and supporting suggestions that Plaintiff did not respond to the discovery requests and Plaintiff had earlier communicated to counsel that she would not answer the discovery requests unless instructed to do so by the Court. (Doc. 182-1 at 2.) Accordingly, the Court held a discovery dispute conference by telephone and issued an order requiring Plaintiff to comply with the discovery requests. (Doc. 181.) The motion states counsel then communicated with Plaintiff and sent Plaintiff the Court's March 9, 2022 discovery order by mail and (at Plaintiff's request) by e-mail. Defendants state in the motion that Plaintiff did not respond further. (Doc. 182-1 at 2.)

After careful review of the submissions and the parties' arguments at the May 5, 2022 hearing, the Court finds Defendants have satisfied Rule 37(a) and are entitled to an order compelling Plaintiff to respond to the January 12, 2022 post-judgment discovery requests propounded under Rules 33 and 34 of the Federal Rules of Civil Procedure. Defendants' motion to compel discovery under Rule 37(a) (Doc. 182) is **GRANTED**. Plaintiff is ordered to respond to Defendants' post-judgment discovery requests on or before **July 1, 2022**.

3

Case 4:19-cv-00318-RK   Document 187   Filed 06/15/22   Page 3 of 7

### B. Motion for Reasonable Fees and Expenses

Next, the Court considers Defendants' request for an award of reasonable expenses incurred in making the motion, including attorney's fees, under Rule 37(a)(5). When a motion to compel discovery response is granted, Rule 37(a)(5) provides:

> the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A).

As reflected above, the Court initially finds Defendants as the moving party attempted in good faith to obtain the properly propounded post-judgment discovery without court action and prior to filing the instant motion to compel. In addition, the Court finds Plaintiff's non-disclosure was not substantially justified. At the May 5, 2022 hearing, Plaintiff acknowledged having initially received Defendants' discovery requests, and stated that she had not responded to the discovery requests because she believed her trial counsel (not her) should be liable for the costs. Plaintiff stated that after the jury returned its verdict in favor of the defense, her trial counsel withdrew their representation in her case. Shortly thereafter, Plaintiff stated defense counsel informed her the defendants had agreed to waive costs if no post-trial motions were filed. After having been so informed, Plaintiff nonetheless filed pro se motions for a new trial. Plaintiff stated prior to terminating their representation, her trial counsel never told her she could be liable for any costs by doing so. Plaintiff stated that she did not respond to the discovery requests because she did not believe she should be liable for those costs. As the Court has found on multiple occasions, Defendants properly propounded post-judgment discovery after having been granted leave to file bill of costs out of time and after Defendants were granted a bill of costs, both of which were unopposed by Plaintiff despite having had the opportunity to do so. The Court has previously ordered Plaintiff to respond to the discovery requests. Plaintiff failed to comply with the prior order. Plaintiff's initial refusal to respond to the properly propounded post-judgment discovery

4

requests, amplified by her continued refusal to do so despite the Court having ordered a response, is not substantially justified under these circumstances.

Finally, the Court does not find any circumstances in this case that would otherwise make an award of reasonable expenses incurred in the instant motion to dismiss unjust. Plaintiff admitted she received the discovery requests but chose not to respond because of her belief she should not be liable to pay those costs. Ultimately, Plaintiff had every opportunity to participate and to litigate the bill-of-costs issue when Defendants filed their motion for leave to file a bill of costs as well as when Defendants filed a proposed bill of costs, but she chose not to. Plaintiff is obligated under the Federal rules of Civil Procedure, as well as an order issued by this Court, to respond to the properly propounded post-judgment discovery requests issued by Defendants.

Having found Defendants, as a prevailing party moving to compel under Rule 37(a), are entitled to an award of reasonable expenses, the Court must determine the amount of expenses to be awarded against Plaintiff. In their motion for additional costs filed after the May 5, 2022 hearing, and their initial motion to compel, Defendants request an award of fees for attorney work under Rule 37(a)(5) regarding the post-judgment discovery dispute. (Docs. 182, 185.) In their motion for additional costs, Defendants specifically request an award of $1,413.00 for a reported 6.3 hours of attorney work. In support, Defendants attached an invoice documenting the attorney time for which they request an award under Rule 37(a)(5). (Doc. 185-1; *see* Doc. 185 at 1-2 (noting the attached invoice "document[s] the attorney's fees pertaining to Defense Counsel's attempts and efforts to obtain Plaintiff's discovery responses").)

When awarding fees under Rule 37(a)(5), the Court has an obligation to ensure the fees awarded are "reasonable." *See COKeM Int'l, Ltd. v. MSI Entertainment LLC*, No. 19-cv-3114 (JRT/HB), 2021 WL 6231377, at *1 (D. Minn. Oct. 15, 2021) (recognizing even absent a response by the non-moving party to the fee request under Rule 37(a)(5), the Court has a responsibility to ensure any such fees awarded are reasonable). In addition, Rule 37(a)(5) only permits an award of "reasonable expenses *incurred in making the motion* [to compel], including attorney's fees." (Emphasis added.) Generally, courts construe Rule 37(a)(5) as only permitting an award of fees directly connected to the motion to compel discovery itself, rather than ancillary discovery communications. *See Webb v. Cty. of Stanislaus*, No. 2:21-mc-00696-JNP-JCB, 2022 WL 1288857, at *3 n.19 (D. Utah April 29, 2022) (collecting federal cases holding award under Rule 37(a)(5) only includes fees incurred in making the motion to compel itself); *VanMeter v. Briggs*,

No. 18-0970 RB/JHR, 2020 WL 954771, at *4 (D.N.M. Feb. 27, 2020) (an award of reasonable expenses under Rule 37(a)(5) "focuses on the time and resources spent producing the motions [to compel]").

Turning to the invoice Defendants submitted in support of their motions for an award of attorney's fees under Rule 37(a)(5), Defendants seek an award of $1,413.00 for 6.3 hours of attorney work. Although not specifically stated in their request, it appears Defendants request an award of attorney's fees calculated by an hourly rate of approximately $224.00 per hour.[2] The Court finds an award for compensable attorney work at $224.00 per hour is reasonable. Next, the Court notes the invoice supporting Defendants' request appears to reflect attorney hours spent on the entire post-judgment discovery issue, with entries beginning February 14, 2022, and going through May 5, 2022 hearing on Defendants' motion to compel. Pursuant to the scope of an award authorized under Rule 37(a)(5), the Court will disallow an award of attorney's fees for attorney work dated February 14, 2022, through April 6, 2022, specifically 4 hours of attorney work regarding communications, review, and drafting not otherwise associated with the instant motion to compel discovery (although related to the underlying post-judgment discovery). Accordingly, the Court will award Defendants attorney's fees for 2.3 hours of compensable attorney work under Rule 37(a)(5) for expenses reasonably incurred in making the motion to compel. Therefore, pursuant to Rule 37(a)(5), the Court awards Defendants attorney's fees in the amount of $515.20 (or 2.3 hours of compensable attorney work at a rate of $224.00 per hour).

### III. Conclusion

After careful consideration and for the reasons explained above, the Court **ORDERS** as follows:

(1) Defendants' motion to compel discovery (Doc. 182) is **GRANTED**, and Plaintiff is **ORDERED** to respond to Defendants' post-judgment discovery requests on or before July 1, 2022; and

---

[2] Defendants' request for a total award of $1,413.00 for 6.3 hours of attorney work yields an actual hourly rate of $224.2857 ($1,413.00 / 6.3 hours = $224.2857).

(2) Defendants' request under Rule 37(a)(5) for reasonable expenses incurred in making the motion to compel, including attorney's fees (Docs. 182, 185) is **GRANTED in part and DENIED in part**, and the Court awards attorney's fees in the amount of $515.20. **IT IS SO ORDERED**.

                                               s/ Roseann A. Ketchmark
                                               ROSEANN A. KETCHMARK, JUDGE
                                               UNITED STATES DISTRICT COURT

DATED: June 15, 2022